Noelle E. Dwarzski OSB 131866
McKenzie Rothwell Barlow & Coughran, P.S.
1325 Fourth Ave., Ste. 910
Seattle, WA 98101
(206) 224-9900
noelled@mrbclaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE WALLS AND CEILINGS INDUSTRY PROMOTION FUND, TRUSTEES OF THE CARPENTERS INTERNATIONAL TRAINING FUND and THE PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS**, | Case No. <br><br> COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND DELINQUENT CONTRIBUTIONS (ERISA) |
| Plaintiffs, | |
| v. | |
| **MCG VENTURES, LLC,** an Oregon limited liability company, Oregon Registry No. 183152-91 and **MCG CCOMMERCIAL,** an Oregon business, Oregon Registry No. 184842-95, | |
| Defendants. | |

COMPLAINT– 1

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1000 070 sh241213



For their complaint, the plaintiffs allege as follows:

<u>PARTIES, JURISDICTION & VENUE</u>

1.      Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Apprenticeship Fund), the Carpenters International Training Fund (International Fund), the Walls and Ceilings Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Carpenters Union).

2.      The Health Fund, Vacation Fund, Apprenticeship Fund, and International Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).  The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA.

3.      Numerous employers pay fringe benefit contributions to the Health Fund, Vacation Fund, Apprenticeship Fund, International Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.

4.      The Trustees of the Health Fund, Pension Fund, Vacation Fund, International Fund, and Apprenticeship Fund have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

5.      The Union is a labor organization with its principal office and place of business in SeaTac, Washington.  The Union is the successor to the Pacific Northwest District Council of

COMPLAINT– 2

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1000 070 sh241213

Carpenters.

6.      The Promotion Fund is a trust fund created pursuant to a trust agreement.  The Promotion Fund is governed by a board of trustees.

7.      Defendant MCG Ventures, LLC (hereafter "MCG Ventures"), fdba MCG Commercial, is an Oregon limited liability company.  At all times material to this proceeding (January 2016, to date), Defendant MCG Ventures has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

8.      Defendant MCG Commercial (hereafter "MCG Comm") is an Oregon business.  At all times material to this proceeding (January 2016, to date), Defendant MCG Comm has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

9.      MCG Ventures was formerly doing business as MCG Commercial, hereafter they will be collectively referred to as "MCG."

10.     The Court has jurisdiction over the First, Second and Fourth Claims for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund, International Fund, and Apprenticeship Fund against MCG for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

COMPLAINT– 3

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

11.     At all times material to this proceeding (November 2016, to date), a written collective bargaining agreement has existed between the Carpenters Union and MCG. The collective bargaining agreement covers employees in an industry affecting commerce and the activities of MCG affect commerce. The Court has jurisdiction over all Claims for Relief brought by each Plaintiff against MCG pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

12.     The obligations of MCG to Plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each Plaintiff has against the MCG.

13.     Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), venue is proper in this district, the district in which the Trust Funds are administered.

<u>FIRST CLAIM FOR RELIEF</u>

14.     At all times material to this proceeding (November 2016, to date), MCG has been bound by a written collective bargaining agreement with the Carpenters Union. Under the terms of the collective bargaining agreement, MCG agrees to be bound by the terms and conditions of the Trust Agreements which created the Trust Funds. MCG further agreed to pay fringe benefit contributions on behalf of its employees performing work under the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Carpenters Union. MCG further agreed to file monthly remittance report forms and to pay fringe benefit contributions and union dues to the Trustees of the Trust Funds and Carpenters Union by the 20th day of the month following the month in which the work was performed.

15.     The Trust Agreements which created the Health Fund, Pension Fund, Vacation Fund, and Apprenticeship Fund provide that, in the event an employer fails to make a timely

COMPLAINT– 4

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1000 070 sh241213

payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of twelve (12%) percent per annum from the date each contribution became due until paid and liquidated damages in an amount equal to one percent of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.

16.     The Trust Agreement governing the International Fund provides for interest on the delinquent or late paid fringe benefit contributions at the rate of eighteen (18%) percent per annum from the date each contribution became due until paid and liquidated damages in an amount equal to twenty percent (20%) of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.

17.     The Carpenters Union is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement and interest on the delinquent or late paid union dues from the date payment became due until paid at the rate of nine percent (9%) per annum pursuant to the provisions of ORS 82.010.

18.     MCG has failed to timely file and pay on its remittance report forms from November 2016 through June 2017.

19.     MCG has failed to timely file and pay on its remittance report forms for July 2017 through current, in an unknown amount to be proved on motion or at trial.

20.     The Trust Agreements that created the Trust Funds provide that, in the event that an employer fails to timely pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee.  The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from MCG.

21.     The Trustees of the Health Fund, Pension Fund, Vacation Fund, International

COMPLAINT– 5

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1000 070 sh241213

Fund and Apprenticeship Fund are also entitled to recover a reasonable attorneys' fee from MCG pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

SECOND CLAIM FOR RELIEF:
INTEREST and LIQUIDATED DAMAGES DUE ON
NOVEMBER 2016 THROUGH CURRENT CONTRIBUTIONS

22.    The Trust Funds re-allege and hereby incorporate by reference paragraphs 1 through 21 of their complaint as though fully set forth herein.

23.    MCG failed to timely pay its fringe benefit contributions and union dues for the delinquent period of November 2016 through June 2017.  As a result, MCG owes $1,023.57 in interest and $1,098.77 in liquidated damages to the Trust Funds.

24.    MCG failed to report and pay its fringe benefit contributions and union dues for the period of July 2017 through current.  As a result, MCG owes and unknown amount in interest and liquidated damages to the Trust Funds, in an amount to be proved on motion or at trial.

25.    The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fees and costs from MCG pursuant to the terms of the Trust Agreement that created the Trust Fund for having to bring suit.

26.    The Trustees of the Health Fund, Pension Fund, Vacation Fund, International Fund and Apprenticeship Fund are entitled to recover a reasonable attorneys' fee from MCG pursuant to the terms of the Trust Agreements that created those Trust Funds, and pursuant to 29 U.S.C. § 1132(g)(2)(D) of ERISA.

THIRD CLAIM FOR RELIEF: CONTRIBUTIONS AND LATE FEES FOR JULY 2017
THROUGH CURRENT

27.    Plaintiffs reallege and hereby incorporate by reference paragraphs 1 through 26 of

COMPLAINT– 6

1000 070 sh241213

their complaint as though fully set forth herein.

28.     MCG has failed to pay its fringe benefit contributions and union dues for work performed in July 2017 through current.  The total amount owed will be proven on motions or at trial.

29.     As a result on non-payment of its contributions and union dues for July 2017 through current, MCG owes and unknown amount in interest and liquidated damages to the Trust Funds.  The total amount owed will be proven on motions or at trial.

30.     The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from MCG pursuant to the terms of the Trust Agreement that created the Trust Funds.

31.     The Trustees of the Health Fund, Pension Fund, Vacation Fund, International Fund, and Apprenticeship Fund are entitled to recover a reasonable attorneys' fee from MCG pursuant to 29 U.S.C. § 1132(g)(2)(D) of ERISA.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs pray for a decree and judgment against MCG as follows:

1.     On the First Claim for Relief, require MCG to file its July 2017 through current remittance report forms, together with all report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions owed to the Trustees of the Trust Funds;

2.     On the Second Claim for Relief, require MCG to pay $1,023.57 in interest and $1,098.77 in liquidated damages to the Trust Funds;

COMPLAINT– 7

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1000 070 sh241213

3.      On the Third Claim for Relief, require MCG to pay fringe benefit contributions and union dues, interest and liquidated damages found to be due and owing for July 2017 through the date of judgment;

5.      Providing that Plaintiffs shall retain the right to conduct a future payroll examination of MCG's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that Plaintiffs shall have the right to institute legal proceedings against MCG to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

6.      Require MCG to pay the Trustees of the Trust Funds reasonable attorneys' fees;

7.      Require MCG to pay Plaintiffs' costs and disbursements incurred in this lawsuit; and

8.      For such further relief as the Court deems just and equitable.

DATED this 31st day of August, 2017.


  *s/ Noelle E. Dwarzski*
Noelle E. Dwarzski OSB 131866
McKenzie Rothwell Barlow & Coughran, P.S.
1325 Fourth Ave., Ste. 910
Seattle, WA 98101
(206) 224-9900
noelled@mrbclaw.com


COMPLAINT– 8

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1000 070 sh241213